# United States District Court - District of Nevada
# Docket Sheet

| 8/9/2005 | CV-S-04-1694 - RCJ - RJJ | Page 1 of 3 |
|---|---|---|

| Case Caption | Status |
|---|---|
| Monica Almeida VS Pfizer, et al., | Closed |

## Statistical Information

| | | | |
|---|---|---|---|
| Date Filed: | 12/10/2004 | Jurisdiction: | Diversity |
| Date Re-Opened: | | Jury Demand: | Defendant |
| County: | Southern | Class Action: | |
| Plaintiff Diversity: | Citizen of This State | MDL Case #: | |
| Defendant Diversity: | Business in Another State | ENE: | No |
| Origin Of Case: | | Fee Status: | Fee Paid |
| Nature Of Suit: | 365 | Receipt Number: | 81638 |
| Cause Code: | | Consolidated: | No |
| Cause: | Personal Injury Product Liability | Arbitration Code: | No arbitration Status or Does Not Qualify |
| Docket Sheet Notes: | | | |

| | | | |
|---|---|---|---|
| Closing Date: | 08/09/2005 | Nature Judgment | |
| Disposition Method: | MDL Transfer - MDL Transfer | Judgment For: | |
| Term Arbitration: | | Amount Awarded: | |
| Procedural Progress: | Order Entered | Term Class Action: | |
| Closing Notes: | | | |

# United States District Court - District of Nevada
# Docket Sheet

| 8/9/2005 | CV-S-04-1694 - RCJ - RJJ | Page 2 of 3 |
|---|---|---|

| Parties | Counsel |
|---|---|
| **PLAINTIFF**<br>Almeida, Monica | **Marc A. Saggese - 007166**<br>Saggese & Associates<br>3960 Howard Hughes Pkwy<br>Suite 850<br>Las Vegas, NV 89109<br>USA<br>Phone: 702-796-8882  Fax: 702-382-9309 |
| **DEFENDANT**<br>Pfizer Inc. | **Angela Bader - 005574**<br>Laxalt & Nomura, Ltd<br>9600 Gateway Dr<br>Reno, NV 89521<br>USA<br>Phone: 775-322-1170  Fax: 775-322-1865<br>**Steven E. Guinn - 005341**<br>Laxalt & Nomura, Ltd<br>9600 Gateway Drive<br>Reno, NV 89501-<br>USA<br>Phone: 775-322-1170  Fax: 775-322-1865 |

# United States District Court - District of Nevada
# Docket Sheet

| 8/9/2005 | CV-S-04-1694 - RCJ - RJJ | Page 3 of 3 |

| Date Filed | Doc. | Status | Docket Type / Docket Name | Docket Entry | Judge | EOD | Clerk |
|---|---|---|---|---|---|---|---|
| 12/14/2004 | | | EVENT RECEIVED | stip for ext of time to reps to complt. Sub to RCJ. | | 12/15/2004 | RJ |
| 12/29/2004 | | | EVENT RECEIVED | Stip for ext of time to resp. (RJJ) | | 12/29/2004 | MZ |
| 04/12/2005 | | | EVENT RECEIVED | stip disc plan/sked ord. Sub to RJJ | | 04/13/2005 | RJ |
| 12/10/2004 | 1 | | PETITION FOR REMOVAL | w/complt and sums attch'd obo D (m) | | 12/15/2004 | MJ |
| 12/14/2004 | 2 | | CERTIFICATE OF INTERESTED PARTIES | obo Ds (m) (cpy RCJ/RJJ) | | 12/15/2004 | RJ |
| 12/15/2004 | 3 | | ORDER MINUTE | ORD re removal: stmnt due 15 dys; jt stat rpt due 30 dys; (see doc). cpys dist. | RCJ | 12/15/2004 | RJ |
| 12/17/2004 | 4 | | ORDER STIPULATION | ORD ext of time to resp to complt until 12/31/04 is GRANTED, (see doc). cpys dist. | RCJ | 12/27/2004 | RJ |
| 12/23/2004 | 5 | | STATEMENT | re removal obo D (m) | | 12/27/2004 | RJ |
| 12/30/2004 | 6 | | ORDER | ORD ext of time to 1/18/05 to resp to Ps complt is GRANTED, (see doc). cpys dist. | RJJ | 01/03/2005 | RJ |
| 01/11/2005 | 7 | | STATUS REPORT JOINT | obo D (cpy RCJ/RJJ) | | 01/14/2005 | RJ |
| 01/18/2005 | 8 | | ANSWER | w/JD obo Ds (m) | | 01/19/2005 | RJ |
| 04/08/2005 | 9 | Disp. | MOTION/NON DISPOSITIVE | (jnt) for PTO limiting disclosure of conf docs obo Ds (DISPO: Doc. # 9 linked to Doc #: 11 | | 04/08/2005 | MJ |
| 04/19/2005 | 10 | | ORDER SCHEDULING | ORD DISC due 7/18/05; MTNS due 8/17/05; JTPTO due 9/16/05; (see doc). cpys dist. | RJJ | 04/25/2005 | MJ |
| 04/20/2005 | 11 | | ORDER | ORD PTO limiting disclosure of conf docs (#9) is GRANTED, (see doc). cpys dist. | RJJ | 04/25/2005 | RJ |
| 05/10/2005 | 12 | | NOTICE | of law firm name change, (see doc). obo Ds (m) | | 05/11/2005 | RJ |
| 06/22/2005 | 13 | | ORDER | (cc) fr MDL re CTO-8 transfer of case to District of Massachusetts. | MDL | 08/09/2005 | MJ |
| 08/09/2005 | 14 | | TRANSMITTAL | Original file to MDL w/cert copy of docket sheet. | | 08/09/2005 | MJ |

I hereby attest and certify on 8/9/05 that the foregoing document is a full, true and correct copy of the original on file in my legal custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

By ___M. Jump___ Deputy Clerk

Steven E. Guinn, Esq. (SBN 5341)
Angela M. Bader, Esq. (SBN 5574)
LAXALT & NOMURA, LTD
50 West Liberty Street, Suite 700
Reno, NV 89501
Telephone: (775) 322-1170
Facsimile: (775) 322-1865
Attorneys for Defendant
PFIZER, INC.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

MONICA ALMEIDA, an individual;            ) Case No.
                                          )
                   Plaintiff,             ) CV-S-04-1694-RCJ-RJJ
                                          )
vs.                                       )
                                          )
PFIZER, INC., a New York Corporation,     )
DOES I through X, inclusive, ROE          )
CORPORATIONS I through X inclusive,       )
                                          )
                   Defendant.             )
_____)

## NOTICE OF REMOVAL

TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF NEVADA

Defendant Pfizer, Inc., by and through its counsel, hereby gives notice of removal of this case to this Honorable Court from the District Court of the Eighth Judicial District Court in Clark County, Nevada in which this action is now pending. In support of this Petition, the Defendant asserts as follows.

## BACKGROUND

1. On October 11, 2004, Plaintiff filed this action against the Defendant in the District Court of the Eighth Judicial District, entitled Monica Almeida v. Pfizer, Inc., a New (NY) York Corporation, Does I through X, inclusive, Roes I through X inclusive. The Complaint was served on Defendant on November 10, 2004 and is annexed hereto as Exhibit A.

1

LAXALT & NOMURA, LTD.
ATTORNEYS AT LAW
1410 BANK OF AMERICA PLAZA
300 S. FOURTH STREET
LAS VEGAS, NEVADA 89101

2. On or before November 30, 2004, Plaintiff agreed to extend Defendant's time to answer, move, or otherwise respond to Plaintiff's Complaint until December 31, 2004. A copy of the Stipulation of Parties is annexed hereto as Exhibit B.

3. This Notice of Removal is timely filed within thirty days of service. 28 U.S.C. § 1446(b).

## JURISDICTION

4. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) because: (1) it is an action between citizens of different states, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

### Citizenship of Parties

5. In the Complaint, Plaintiff states that she "is a resident of Clark County, Nevada". Complaint, ¶ 1.

6. In the Complaint, Plaintiff describes Defendant Pfizer, Inc. as a New York Corporation. Complaint, ¶ 2. Defendant Pfizer Inc. is in fact a corporation existing under the laws of the State of Delaware and has its principal place of business in the State of New York.

7. The Complaint does not attempt to identify the citizenship of DOES I through X, inclusive or ROE CORPORATIONS I through X inclusive. To the extent that the Complaint refers to these fictitious parties, it mentions only DOES I-V, inclusive who are alleged to be responsible in some manner for the events and happenings referred to and caused damages proximately to Plaintiff as herein alleged and are parties having ownership interest in the affected corporation. Complaint, ¶ 3. The citizenship of these fictitious parties is nonetheless irrelevant for purposes of removal. 28 U.S.C. § 1441(a).

LAXALT & NOMURA, LTD.
ATTORNEYS AT LAW
1410 BANK OF AMERICA PLAZA
300 S. FOURTH STREET
LAS VEGAS, NEVADA 89101

**Amount in Controversy**

8. In her Complaint, Plaintiff claims that after us[ing] [Defendant prescription drug] Neurontin as a pain suppressant for approximately eight months, Pfizer Complaint, ¶ 9, she began to experience feelings of extreme depression, low energy, lack of appetite, and extreme irritability. Complaint, ¶ 10. Allegedly Plaintiff's depression worsened as her use of Neurontin progressed until she attempted suicide on January 26, 2004. Complaint, ¶ 11. Plaintiff also alleges that her marriage deteriorated due to the severe emotional and psychological side effects of the drug Neurontin. Complaint, ¶ 13.

9. Based on these allegations, Plaintiff advances four separate causes of action: (1) "Negligent Marketing", Complaint, ¶¶ 14-19; (2) "Strict Liability", Complaint ¶¶ 20-24; (3) "Negligent Infliction of Emotional Distress", Complaint, ¶¶ 25-29; and (4) "Intentional Infliction of Emotional Distress", Complaint ¶¶ 30-33. In support of her fourth cause, Plaintiff also alleges that "Defendant acted recklessly and intentionally by marketing [Neurontin] for unapproved and potentially harmful uses and that Defendant's extreme and outrageous conduct was the cause of Plaintiff's sever[e] emotional distress. Complaint, ¶¶ 31-32.

10. For each of these causes of action, Plaintiff states that the acts of Defendant "justify" an award of damages in excess of $10,000.00. Complaint, ¶¶ 19, 24, 29, 33.

11. Similarly, Plaintiff concludes her Complaint by seeking relief in excess of forty thousand dollars, including separate and distinct claims for: (1) "General Damages in excess of $10,000.00", (2) "Special Damages in excess of $10,000.00", (3) "Punitive Damages in excess of $10,000.00", and (4) "Economic Damages in excess of $10,000.00". Complaint at 5-6.

12. Plaintiff also seeks additional indeterminate damages including separate and distinct claims for: (1) "an award of attorney's fees and costs", (2) "an amount to be determined

LAXALT & NOMURA, LTD.
ATTORNEYS AT LAW
1410 BANK OF AMERICA PLAZA
300 S. FOURTH STREET
LAS VEGAS, NEVADA 89101

at a later date for future medical expenses", and (3) "[s]uch other and further relief as the Court may deem just and proper". Complaint at 5-6.

13. If awarded, the damages sought and described by Plaintiff in this action are likely to exceed seventy-five thousand dollars.

## CONCLUSION

14. This case is removable pursuant to Title 28, United States Code, Sections 1441(b) and 1332(a) based on diversity of citizenship and an amount in controversy that exceeds seventy-five thousand dollars.

15. Written notice of the filing of this Notice will be given to counsel for Plaintiff and notice will be promptly filed with the Clerk of the District Court of the Eighth Judicial District in Clark County, Nevada.

WHEREFORE, Defendant respectfully request the above-captioned action now pending against it in the District Court for Eighth Judicial District in Clark County, Nevada, be removed to this Court.

DATED this 10 day of December, 2004.

LAXALT & NOMURA, LTD.

By: _____ #9197 for
Steven E. Guinn (SBN 5341)
Angela M. Bader (SBN 5574).
50 W. Liberty St., Suite 700
Reno, Nevada 89501
Attorneys for Defendant
PFIZER, INC.

LAXALT & NOMURA, LTD.
ATTORNEYS AT LAW
1410 BANK OF AMERICA PLAZA
300 S. FOURTH STREET
LAS VEGAS, NEVADA 89101

4

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of LAXALT & NOMURA, LTD., and that on this 10th day of December, 2004, I caused a true and correct copy of the foregoing to be served:

__XX__  (BY MAIL) on all parties in said action, by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At the Law Offices of Laxalt & Nomura, mail placed in that designated area is given the correct amount of postage and is deposited that same date in the ordinary course of business, in a United States mailbox in the City of Las Vegas, County of Clark, Nevada.

_____  (BY PERSONAL DELIVERY) by causing a true copy thereof to be hand delivered this date to the addressee(s) at the address(es) set forth below.

_____  (BY FACSIMILE) on the parties in said action by causing a true copy thereof to be telecopied to the number indicated after the address(es) noted below.

addressed as follows:

MARC A. SAGGESE, ESQ.
SAGGESE & ASSOCIATES, LTD.
3960 Howard Hughes Parkway, Suite 850
Las Vegas, Nevada 89109
Telephone: (702) 796-8882
*Attorney for Plaintiff*

/s/ *[signature]*
An Employee of LAXALT & NOMURA

LAXALT & NOMURA, LTD.
ATTORNEYS AT LAW
1410 BANK OF AMERICA PLAZA
300 S. FOURTH STREET
LAS VEGAS, NEVADA 89101



# CT System

**Service of Process Transmittal Form**
Reno, Nevada

11/10/2004

Via Federal Express (2nd Day)

TO: Allen P Waxman
Pfizer Inc.
M.S. 150/02/36
235 East 42nd Street
New York, NY 10017-5755
EMAIL: ALLEN.P.WAXMAN@PFIZER.COM

RE: **PROCESS SERVED IN NEVADA**

FOR  Pfizer Inc. Domestic State: De

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

1. TITLE OF ACTION: Monica Almeida, Pltf. vs PFIZER, INC., et al, Defs.
2. DOCUMENT(S) SERVED: Summons and Complaint
3. COURT: District Court, Clark County, Nevada
   Case Number A493448
4. NATURE OF ACTION: Seeks damages in excess of $40,000, court costs, etc. for use of Neurontin drug marketed as a pain suppressant which she used for chronic lower back pain; however drug caused/ worsened her depression until she attempted suicide on January 26, 2004
5. ON WHOM PROCESS WAS SERVED: The Corporation Trust Co. of Nevada, Reno, Nevada
6. DATE AND HOUR OF SERVICE: By Process server on 11/10/2004 at 14:30
7. APPEARANCE OR ANSWER DUE: 20 days
8. ATTORNEY(S): Marc A. Saggese Esq. 702-796-8882
   Saggese & Associates Ltd.
   3960 Howard Hughes Parkway
   Suite 850
   Las Vegas, NV 89109
9. REMARKS:



SIGNED  CT Corporation System
PER  Supervisor of Process /SP
ADDRESS  6100 Neil Road
Suite 500
Reno, NV 89511
SOP WS 0006762877

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

*2:30*
*11-10-04*

1  SUMM
   MARC A. SAGGESE, ESQ.
2  Nevada Bar No. 7166
   SAGGESE & ASSOCIATES, LTD.
3  3960 Howard Hughes Parkway, Suite 850
   Las Vegas, Nevada 89109
4  (702) 796-8882
5
   ATTORNEY FOR PLAINTIFF
6
                          DISTRICT COURT
7
                       CLARK COUNTY, NEVADA
8
9
10 MONICA ALMEIDA, an individual;         Case No.: A493448
11         Plaintiff,                     Dept.No: VII
12     vs.
13 PFIZER, INC., a New York Corporation,
   DOES I through X, inclusive, ROE
14 CORPORATIONS I through X inclusive,
15                                        SUMMONS
16         Defendant.
17 _____

18 NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU
19 WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.
   READ THE INFORMATION BELOW.
20
21      1.   If you intend to defend this lawsuit, within 20 days after this Summons is served
             on you exclusive of the day of service, you must do the following:
22
23           a.   File with the Clerk of this Court, whose address is shown below, a formal
                  written response to the Complaint in accordance with the rules of this
24                Court.
25           b.   Serve a copy of your response upon the attorney whose name and address
                  is shown below.
26
27      2.   Unless you respond, your default will be entered upon application of the
             Plaintiff and this Court may enter a judgment against you for the relief demanded
28           in the Complaint, which could result in the taking of money or property or other
             relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the direction of:

MARC A. SAGGESE, ESQ.
Nevada Bar No. 7166
SAGGESE & ASSOCIATES, LTD.
3960 Howard Hughes Parkway, Suite 850
Las Vegas, Nevada 89109
(702) 796-8882
ATTORNEY FOR PLAINTIFF

By: *[signature]*
CLERK OF THE COURT
GILLIAN COLVIN
OCT 1 3 2004

[Seal of the Court]

```
 1  COMP
    MARC A. SAGGESE, ESQ.
 2  Nevada Bar No. 7166
    SAGGESE & ASSOCIATES, LTD.
 3  3960 Howard Hughes Parkway, Suite 850
    Las Vegas, Nevada 89109
 4  (702) 796-8882
 5  ATTORNEY FOR PLAINTIFF
```

FILED

Oct 11  3 55 PM '04

_Shirley B. Parraguirre_
CLERK

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| MONICA ALMEIDA, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>PFIZER, INC., a New York Corporation, DOES I through X, inclusive, ROE CORPORATIONS I through X inclusive,<br><br>Defendant. | Case No.: **A493448**<br>Dept. No.: **VII** |

## COMPLAINT

COMES NOW, MONICA ALMEIDA, hereinafter referred to as "Plaintiff", by and through her attorney of record, MARC ANTHONY SAGGESE, ESQ., of the Law Firm of SAGGESE & ASSOCIATES, LTD., and for the Plaintiff's cause of action against the Defendants, and each of them, alleges as follows:

### GENERAL ALLEGATIONS

1. That Plaintiff, Monica Almeida, is a resident of Clark County, Nevada.

2. That Defendant, Pfizer, Inc., is, upon information and belief, a New York Corporation.

3. The true names, and capacities, whether individual, corporate, associate, or otherwise of Defendants, DOES I-V, inclusive, are unknown to Plaintiff and who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as DOES are responsible in some manner for the events and happenings referred to and caused damages proximately to Plaintiff as herein alleged and are parties having ownership interest in the affected corporation. Plaintiff will ask leave of the Court to amend this Complaint to insert the true names and capacities of DOES I-V when the same have been ascertained and to join such Defendants in this action.

4. That Jurisdiction and Venue are proper in this Court.

5. That Defendant is the manufacturer and distributor of pharmaceuticals.

6. That during the years 2002 through 2003, Plaintiff sought medical care for her chronic lower back pain.

7. That Plaintiff's physician prescribed Plaintiff the drug, Neurontin, which was marketed by Defendant Corporation as a pain suppressant.

8. That Defendant Corporation widely marketed Neurontin as a pain suppressant despite the fact that this was not one of the Food and Drug Administration approved uses of this drug.

9. That Plaintiff continued to use Neurontin as a pain suppressant for approximately eight months.

10. That three months into Plaintiff's use of this drug, she began to experience feelings of extreme depression, low energy, lack of appetite, and extreme irritability.

11. That Plaintiff's depression worsened as her use of Neurontin progressed until she attempted suicide on January 26, 2004.

12. That, since this incident, Plaintiff has discontinued her use of the drug, Neurontin, and her depression has virtually disappeared.

13. That, Plaintiff's marriage deteriorated due to the severe emotional and psychological side effects of the drug Neurontin.

### FIRST CAUSE OF ACTION
#### (Negligent Marketing)

14. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 13 as though fully set forth herein.

15. That Defendant had a duty to exercise ordinary care as a reasonable corporation would under similar circumstances, i.e. a company engaged in the marketing of medication according to FDA approved uses.

16. That Defendant breached this duty by mass marketing this drug for uses that were not expressly approved by the FDA.

17. That Defendant's breach did cause Plaintiff to attempt to take her life after being prescribed Neurontin pursuant to Defendant's marketing of the drug.

18. That Defendant's breach caused deterioration to Plaintiff's way of life and subsequent destruction of her marriage.

19. Plaintiff is informed and believes that the acts of Defendant were negligent and that these acts were done with a careless disregard for the rights, welfare and safety of the Plaintiff, justifying an award of damages in excess of $10,000.00.

....

....

....

## SECOND CAUSE OF ACTION

**(Strict Liability)**

20. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 19 as though fully set forth herein.

21. That Defendant marketed the drug, Neurontin, for, among other uses, chronic pain control.

22. That Defendant marketed the drug, Neurontin.

23. That Plaintiff used the drug, Neurontin, as prescribed, without an adequate warning of the possible side effects, known to the Defendant.

24. Plaintiff is informed and believes that the acts of Defendant justify an award of damages in excess of $10,000.00.

## THIRD CAUSE OF ACTION

**(Negligent Infliction of Emotional Distress)**

25. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 24 as though fully set forth herein.

26. That Defendant acted recklessly through its act and/or omission in conscious disregard of a legal duty to Plaintiff and the consequences of Defendant's failure to exercise due care caused Plaintiff physical and emotional injury.

27. That Defendant's conduct was the sole and proximate cause of Plaintiff's physical and emotional injury causing Plaintiff severe emotional distress.

28. Plaintiff is informed and believes that the acts of the Defendant were negligent and that these acts were done with careless disregard for the rights, welfare, and safety of the Plaintiff.

29. Plaintiff is informed and believes that the acts of Defendant were negligent and that these acts were done with a careless disregard for the rights, welfare and safety of the Plaintiff, justifying an award of damages in excess of $10,000.00.

....

....

## FOURTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

30. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 29 as though fully set forth herein.

31. That Defendant acted recklessly and intentionally by marketing the drug, Neurontin, for uses which it knew the FDA had not approved it for and for uses that Defendant knew could be harmful to those using this drug.

32. That Defendant's extreme and outrageous conduct was the cause of Plaintiff's several emotional distress.

33. Plaintiff is informed and believes that the acts of Defendant were done with a intentional disregard for the rights, welfare and safety of the Plaintiff, justifying an award of damages in excess of $10,000.00.

WHEREFORE, the Plaintiff prays for each and every aforementioned cause of action, the following relief against the Defendants:

1. For General Damages in excess of $10,000.00,
2. For Special Damages in excess of $10,000.00,
3. For Punitive Damages in excess of $10,000.00,
4. For Economic Damages in excess $10,000.00,
5. For an award of attorney's fees and costs,
6. For an amount to be determined at a later date for future medical expenses; and

....
....
....
....
....
....
....
....

7. Such other and further relief as the Court may deem just and proper.

DATED this _1st_ day of _October_, 2004.

Respectfully Submitted by:

_/s/ Marc A. Saggese_
MARC A. SAGGESE, ESQ.
Nevada Bar No. 7166
SAGGESE & ASSOCIATES, LTD.
3960 Howard Hughes Parkway, Suite 850
Las Vegas, Nevada 89109
(702) 796-8882

# CRISTALLI & SAGGESE
## ATTORNEYS AT LAW

---

### FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Eric Zisman | Marc Saggese |
| **COMPANY:** | **DATE:** |
| Davis, Polk & Wardwell | 12/8/04 |
| **FAX NUMBER:** | **TOTAL NO. OF PAGES INCLUDING COVER:** |
| (212) 450-3511 | 3 |
| **RE:** | **YOUR REFERENCE NUMBER:** |
| Almeida | — |

☐ URGENT  ☒ FOR REVIEW  ☐ PER OUR CONVERSATION  ☐ PLEASE REPLY  ☐ HARD COPY WILL FOLLOW

---

**NOTES/COMMENTS:**

Almeida stip you requested.

---

IMPORTANT: The information contained in this facsimile transmission is confidential information and may be attorney/client privileged. It is intended only for the use of the individual or entity named above. ANY DISTRIBUTION OR COPYING OF THIS MESSAGE IS PROHIBITED except by the intended recipient. Attempts to intercept this message may subject the interceptor to fines, imprisonment and/or civil damages.

3960 HOWARD HUGHES PARKWAY, SUITE 850
LAS VEGAS, NEVADA 89109
PHONE: (702) 386-2180 FACSIMILE: (702) 382-9309

12/08/2004 13:17 7023829309 Case 1:05-cv-11264-PBS Document 15-4 DOMINIC P GENTILE Filed 08/16/2005 Page 2 of 3 PAGE 02/03

11/30/2004 14:01 7023529309 DOMINIC P GENTILE PAGE 02/03

FILED

Nov 30 4 20 PM '04

*[signature]*
CLERK

1 STIP
MARC ANTHONY SAGGESE, ESQ.
2 Nevada Bar No. 007166
CRISTALLI & SAGGESE, LTD.
3 3960 Howard Hughes Parkway, #850
Las Vegas, Nevada 89109
4 (702) 796-8882

5 Attorney for Plaintiff

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| MONICA ALMEIDA, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO.: A493448 |
| | ) DEPT. NO.: VII |
| PFIZER, INC., A New York Corporation, DOES I through X, inclusive, ROE Corporations I through X inclusive, | ) STIPULATION OF PARTIES EXTENDING TIME FOR DEFENDANT TO FILE AND SERVE A RESPONSIVE PLEADING |
| Defendant. | ) |

IT IS HEREBY STIPULATED between the undersigned counsel for Defendant, Pfizer, Inc. and Plaintiff Monica Almeida as follows:

1. Whereas on October 11, 2004, Plaintiff filed the above-captioned action in this Court, and the Complaint was served on Defendant on November 1, 2004.

2. Whereas Plaintiff has agreed to extend Defendant's time to respond to Plaintiff's Complaint.

...

3. Plaintiff hereby stipulates that Defendant shall have until December 31, 2004 to answer, move or otherwise respond to Plaintiff's Complaint.

DATED this 30th day of November, 2004.

DAVIS POLK & WARDWELL

*[signature]*

James P. Rouhandeh, Esq.
James E. Murray, Esq.
450 Lexington Avenue
New York, New York 10017

Attorneys for Defendant

CRISTALLI & SAGGESE, LTD.

*[signature]*

Marc Anthony Saggese, Esq.
3960 Howard Hughes Pkwy. #850
Las Vegas, Nevada 89109

Attorney for Plaintiff